Nathan M. Johnson
Texas Bar No. 00787779
Christopher Bailey
Texas Bar No. 24104598
**THOMPSON & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214-969-1700
214-969-1751 (facsimile)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS (SHERMAN)

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Chapter 11** |
| **AMAZING ENERGY MS, LLC** | ) | |
| | ) | **Case. No. 20-41558** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **In re:** | ) | |
| | ) | **Chapter 11** |
| **AMAZING ENERGY LLC** | ) | |
| | ) | **Case. No. 20-41561** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **In re:** | ) | |
| | ) | **Chapter 11** |
| **AMAZING ENERGY HOLDINGS, LLC** | ) | |
| | ) | **Case. No. 20-41563** |
| | ) | |
| Debtor. | ) | *****Jointly Administered Under** |
| | ) | **Case No. 20-41558** |

### 21-DAY NEGATIVE NOTICE – LBR 9007(a):

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion/Objection/Application unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN TWENTY ONE (21) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be**

**deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

### UNOPPOSED MOTION OF THOMPSON & KNIGHT, LLP
### TO DEEM TIMELY A LATE-FILED PROOF OF UNSECURED CLAIM

Pursuant to 11 U.S.C. § 501 and Federal Rules of Bankruptcy Procedure 3002 and 9006(b), THOMPSON & KNIGHT, LLP ("**TK**"), files this motion (the "**Motion**") requesting that the Court deem timely TK's proof of unsecured claim (the "**Claim**"), which, for lack of notice, TK filed after the Bar Date.

### I. Jurisdiction and Venue

1. This Court has jurisdiction over this cause pursuant to 28 U.S.C. §§ 1344 and 157. The matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O). Venue is proper in this District pursuant to 28 U.S.C. § 1408.

### II. Background

*The cases*

2. On April 6, 2020 (the "**Petition Date**"), Amazing Energy, LLC ("**AE**"), Amazing Energy MS, LLC, and Amazing Energy Holdings, LLC (collectively, the "**Debtors**") initiated the above-styled bankruptcy cases (the "**Bankruptcy Cases**") by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of Mississippi. On May 20, 2020, the Mississippi Bankruptcy Court ordered that the Bankruptcy Cases be jointly administered. On June 25, 2020, the Bankruptcy Cases were transferred to this Court. The Bankruptcy Cases were docketed with this Court on July 13, 2020.

3. As of the date of this Motion, no official committee of unsecured creditors has been appointed, and the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections §§1107(a) and 1108 of the Bankruptcy Code.

### *The Bar Date and lack of notice.*

4. The Court set August 4, 2020, as the deadline to file proofs of claim against the Debtors (the "**Bar Date**").

5. Despite the fact that TK had a claim against the Debtors as of the Petition Date for legal services rendered on behalf of the Debtors prior to the Petition Date, TK is not listed on the Debtors' schedules nor their mailing matrix (the "Mailing Matrix"). The Debtors filed a certificate of service for its notice of Section 341 meeting of creditors and of the Bar Date (the "Bar Date Notice") which does not list TK as having been served with the Bar Date Notice.[1]

### *Relationship to Debtor and the claim.*

6. Prior to the Petition Date, TK served as counsel to AE as more fully explained in TK's proof of claim and addendum attached hereto as ***Exhibits 3 and 4***, TK's Claim consists of amounts owed by AE for pre-petition services provided by TK in connection with its representation of the Debtors in prepetition litigation and certain other matters.[2]

7. At AE's request, TK ceased providing services to AE shortly after the Petition Date. However, despite its claim arising from its prepetition legal service, TK was neither listed on the Creditors' Matrix nor served with the Notice of the Bar Date.

8. TK did not learn of the passage of the Bar Date until recently, and has worked diligently to determine amounts owed and to prepare and file this motion and attached proof of claim.

---

[1] *See* Exhibit 1 (*Certificate of Notice* of mailing of the *Notice of Chapter 11 Bankruptcy Case* issued by the Bankruptcy Court of the Southern District of Mississippi) and Exhibit 2 (the Mailing Matrix in this case).

[2] The invoices attached to the Claim reference certain post-petition services, the fees for which are not included in the Claim total.

9.     The undersigned TK attorney contacted Debtor's counsel, who advised that the Debtors do not oppose this request to permit TK to file a proof of claim after the Bar Date has passed and to deem TK's Claim timely filed.

### III. Argument and Authorities

10.    A creditor's claim can be barred for untimeliness only upon a showing that it received reasonable notice.[3] Under principles of due process, reasonable notice is that which "is reasonably calculated to reach all interested parties, reasonably conveys all of the required information, and permits a reasonable amount of time for response."[4] Specifically in the context of claims deadlines in bankruptcy cases, Bankruptcy Rule 2002(a)(7) requires that known creditors be given at least 21 days' notice by mail of the bar date.

11.    TK was not listed on the Mailing Matrix, nor was TK otherwise served with the Bar Date Notice. In addition, TK did have any actual notice of the Bar Date until after the Bar Date had passed. Under these circumstances, the Court should permit TK to file a claim after the Bar Date and should deem TK's claim to have been timely filed. Granting such relief is consistent with both due process[5] and the requirements of Rule 2002(a)(7), particularly given that the Debtors do not oppose the relief requested herein.

---

[3] *In re Meyrowitz*, No. 06-31660, 2007 Bankr. LEXIS 2988 (Bankr. N.D. Tex. Sept. 11, 2007) (*citing Eagle Bus Mfg. v. Rogers,* 62 F.3d 730, 735 (5th Cir. 1995)).

[4] *Id.* (*quoting Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.),* 863 F.2d 393, 396 (5th Cir.)). In addition to due process concerns,

[5] *Id.,* 863 F.2d at 396. *See also, In re Robintech*, 863 F.2d 393, 396 (5th Cir.), cert. denied, 493 U.S. 811 (1989) (due process requires notice that is reasonably calculated to reach all interested parties, reasonably conveys all of the required information, and permits a reasonable amount of time for response); *In re Thomas,* 181 B.R. 674 (Bankr. S.D. Ga. 1995) (Although Bankruptcy Rules are specific as to conditions in which late filed proof of claim may be allowed, bankruptcy court may nevertheless consider allowing late proof of claim where creditor's due process rights are implicated.); In re Cole, 146 B.R. 837 (D. Colo. 1992) (notice requirement of the Code, Rules, due process, and fundamental fairness, all require allowance of late proofs of claim when creditor has not received notice of the case and/or the bar date, notwithstanding provisions of Bankruptcy rules 3002(c) and 9006(b)).

12. It is well established that a bankruptcy court may for cause extend the bar date to permit the late filing of a claim if the creditor's failure to file a proof of claim timely was the result of "excusable neglect."[6] In applying the 'excusable neglect' standard to determine whether to permit a late-filed claim, courts have considered: (1) potential prejudice to the debtor, (2) the length of delay and any potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the claimant; and (4) whether the claimant acted in good faith.[7] The determination is an equitable one, taking into account all relevant circumstances.[8]

13. The fact that TK does not appears on neither the certificate of service for the 341 Notice nor on the Mailing Matrix is definitive proof that TK did not receive notice of the Bar Date in time to have timely filed its proof of claim. Disallowance of the late-filing of TK's proof of claim in these circumstance would, therefore, violate due process, as well as the requirements of Bankruptcy Rule 2002(a)(7).

14. Further, TK's late-filed Claim should in equity be deemed timely under the excusable neglect standard. Deeming TK's late-filed Claim timely will not prejudice the Debtors nor delay these bankruptcy cases, as neither a plan of reorganization nor or disclosure statement has been filed. The delay in TK filing its proof of claim was due to, quite simply, the fact that TK was not served with the Bar Date Notice (which occurred during the chaotic circumstances of the Covid pandemic shutdown). Under the circumstances, TK's delay in filing its proof of claim was justifiable and was not the result of either gross negligence or intentional indifference. TK has at all times acted in good faith, and endeavored to file a proof of claim as soon as it became aware of

---

[6] *Pioneer Inv. Servs. Corp. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489 (1993) (citing Rule 9006(b)(1))

[7] *Id.*, 507 U.S. at 395.

[8] *Id.*

the Bar Date notwithstanding lack of notice. And, as stated, counsel for the Debtor has indicated that the Debtors do not oppose the relief requested herein.

### IV.  Request for Relief

TK respectfully requests that the Court enter an Order deeming TK's late-filed unsecured claim timely; and grant TK such other relief as is just and appropriate.

Respectfully submitted,

THOMPSON & KNIGHT LLP

By:  */s/ Nathan M. Johnson*
Nathan M. Johnson
Texas Bar No. 00787779
Christopher Bailey
Texas Bar No. 24104598
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214-969-1700
214-969-1751 (Facsimile)

### CERTIFICATE OF CONFERENCE

I certify that on the 20th day of August 2020, I conferred with Douglas S. Draper, bankruptcy counsel for the Debtors, and was advised that Debtor Amazing Energy LLC does not object to the relief requested herein.

*/s/ Nathan M. Johnson*
Nathan M. Johnson

### CERTIFICATE OF SERVICE

I certify that on the 28th day of September 2020, a true and correct of the foregoing document has been served upon those parties entitled to service via the Court's ECF system.

*/s/ Nathan M. Johnson*
Nathan M. Johnson